**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
DIGITAL SIN, INC.,                                  )
      Plaintiff                                      )
                                         )
v.                                                          )     **C.A. NO.: 1:12-CV-10945-GAO**
                                         )
DOES 1 – 45,                                        )
      Defendants                                 )
_____)

**MOTION OF DOE NUMBER 33 TO SEVER AND DISMISS PLAINTIFF'S
CLAIMS AGAINST HIM/HER AND TO QUASH THE SUBPOENA
THAT PLAINTIFF SERVED UPON COMCAST, OR, ALTERNATIVELY,
TO ALLOW DOE NUMBER 33 TO PROCEED ANONYMOUSLY**

Now comes the so-called defendant, Doe Number 33, and respectfully moves that this

Honorable Court issue an Order that provides the following relief:

    1.      Severs the plaintiff's claims against Doe Number 33 from the other 44 claims in

          this action;

    2.      Dismisses the plaintiff's claims against Doe Number 33;

    3.      Quashes the subpoena that the plaintiff has served upon Comcast to obtain Doe

          Number 33's identity and contact information; or,

    4.      In the alternative, requires all proceedings against Doe Number 33 to proceed

          anonymously.

**I.**      **UNDISPUTED, RELEVANT FACTS**

    1.      Counsel for the plaintiff filed 34 copyright infringement actions in the United

          States District Court for the District of Massachusetts between March 23, 2012

          and May 26, 2012, naming approximately 1,463 Doe defendants in the actions

          that all involve pornographic movies. See Exhibit "A", Results of a Civil Party

          Search Conducted on Pacer on Wednesday, August 1, 2012.

2.      The Complaint in this action alleges that Doe Number 33 and the other named Doe defendants committed copyright infringement when they "traded exactly the same file of the copyrighted work" entitled "So Young So Sexy POV 5" and "collaborated as a group of uploaders to speed the completion of each download of file." <u>See</u> Exhibit "B", Plaintiff's Complaint, at ¶ 5.

3.      The plaintiff also alleges in its Complaint that it knows "the date and . . . the time at which the infringing activity" of Doe Number 33 "was observed" and that Doe Number 33's "infringing activity was observed." <u>See</u> Exhibit B at ¶ 7.

4.      The plaintiff further alleges that Doe Number 33 "has, without the permission or consent of the plaintiff, reproduced and distributed to the public at least a substantial portion of" "So Young So Sexy POV 5". <u>See</u> Exhibit B at ¶ 19.

5.      The identities of the Doe defendants whom the plaintiff alleges committed copyright infringement – including Doe Number 33 – however, are unknown to the plaintiff, and the plaintiff knows only the IP addresses for the subscribers of the accounts involved in the alleged infringement, which it uses to identify the Doe defendants in the Complaint, with the IP addresses listed in an exhibit attached to the Complaint. <u>See</u> Exhibit B at ¶ 7 and Exhibit "C", Attachment A to the Complaint in which Doe Number 33 is named as a defendant.

6.      Each of the Complaints in the 34 District Court of Massachusetts actions filed by counsel for the plaintiff is virtually identical and is supported by a Declaration from Jon Nicolini ("Nicolini"), the "Chief Technology Officer" of The Copyright Enforcement Group ("CEG"). <u>See</u> Exhibit "D", Declaration of Nicolini submitted in support of the Complaint in the case in which Doe Number 33 is named as a

defendant.

7.      Nicolini asserts in his declaration that he "can only identify the infringers by the IP address"; that he observed infringement by the defendants including Doe Number 33; and that he identified "the software protocol used by [Doe Number 33] in infringing the plaintiff's work." <u>See</u> Exhibit D at ¶¶ 18, 31.

8.      Nicolini additionally asserts in his declaration that Doe Number 33 and the other named defendants "all copied at least a substantial portion of the exact same accused file . . . ."; all of the defendants named in this action are "infringers . . . [who] used BitTorrent software"; that all of the named Doe defendants "engaged in . . .  downloading and/or uploading of the file"; and that from information from the ISPs the plaintiff will be able to obtain "the names and addresses of the accused infringers." <u>See</u> Exhibit D at ¶¶ 31, 32, 34 – 36.

9.      After filing each of the 34 actions, counsel for the plaintiff filed an *Ex Parte* Motion for Expedited Discovery, requesting that the Court allow him to subpoena the Internet Service Providers ("ISPs") to allow him to obtain the identity and contact information for the subscriber who owns the listed IP address. <u>See</u> Exhibit "E".

10.     In his client's motion, counsel for the plaintiff asserted that Doe Number 33 and the other named defendants "duplicated and distributed unauthorized and infringing copies of the plaintiff's motion picture. . . ." <u>See</u> Exhibit E at pp. 1-2.

11.     Counsel for the plaintiff also specifically stated in his filing with the Court that "the evidence that the Doe defendants infringed upon plaintiff's copyright is sufficiently concrete"; that Nicolini had "confirm[ed] that the Does behind these

IP addresses were actually distributing infringing copies of the plaintiff's work";

and that the plaintiff would narrow its requests in the subpoena to the ISPs "to

discovery the identity of the infringers." <u>See</u> Exhibit E at pp. 4-5.

12.    Counsel for the plaintiff submitted with his *Ex Parte* Motion a Proposed Order to

be accompanied by a Notice to be forwarded to the ISP so that it could in turn be

forwarded to the subscriber along with the Court Order. <u>See</u> Exhibit "F".

13.    The Notice was forwarded to Doe Number 33 and stated as follows:

### <u>COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA</u>

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by the movie studio DIGITAL SIN, INC.. You have been sued for infringing copyrights on the Internet by uploading and/or downloading the motion picture "So Young So Sexy POV 5." The movie studio has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

### YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA

. . .

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court of Massachusetts, the movie studio must establish jurisdiction over you in Massachusetts. If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the Massachusetts court's jurisdiction over you. If your challenge is successful, the case in Massachusetts will be dismissed, but the movie studio may be able to file against you in another state where there is jurisdiction.

The movie studio may be willing to discuss the possible settlement of its claims against you. The parties may be able to reach a settlement agreement without your name appearing on the public record. You may be asked to disclose your identity to the movie studio if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio. You may contact the movie studio's representatives by phone at (413) 268-6500, by fax at (888) 691-9850, or by email at contact@marvincable.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

. . .

<u>See</u> Exhibit "G", Redacted Copy of the Notice Received by Doe Number 33.

14.     The Complaint naming Doe Number 33 and the Notice received by Doe Number

        33 in this case are identical to the Complaint and the Notice received by Doe

        Number 22 in <u>Discount Video Center, Inc. v. Does 1 – 29</u>, United States District

        Court, District of Massachusetts, Civil Docket No. 12-cv-10805-NMB, a case in

        which a hearing on Doe Number 22's Motion to Quash took place on July 30,

        2012 before Judge Leo T. Sorkin. <u>See</u> <u>Discount Video Center, Inc.</u> Notice and

        Complaint attached as Exhibit "H" and Transcript of Hearing attached as Exhibit

        "I".

15.     Counsel for the plaintiff admitted in open Court during the hearing on Doe

        Number 22's motion to quash in <u>Discount Video Center, Inc. v. Does 1 – 29</u> that

        none of the subscribers named as Doe defendants were parties because the action

        seeks to name the infringers, and the plaintiff still does not know whether the

        named subscribers were the infringers. <u>See</u> Exhibit I at pp. 46:20 – 47:11, 48:10 –

        48:15.

16.     In fact, counsel for the plaintiff agreed that "in [his] view" he had not sued the

        subscribers, only the infringers. <u>See</u> Exhibit I at pp. 15:24 – 16:1.

17.     Counsel for the plaintiff further conceded that "there's no evidence" that any of

        the named Doe defendants had downloaded any portion of the movie from any

        other defendant named in the action. <u>See</u> Exhibit I at pp. 58:6 – 58:10, 59:13 –

        59:18, 61:6 – 61:9.

18.     Counsel for the plaintiff admitted in open Court that the Notice he submitted for

        approval to the Court, which is the same as that forwarded to Doe Number 33 and

        the other Doe defendants in this action, incorrectly stated that the named Doe

defendants were being sued, and he admitted that the Notice should not have stated that Doe defendants such as Doe Number 33 were being sued. <u>See</u> Exhibit I at pp.  18:21 – 18:25, 24:3 – 24:6, 26:11 – 26:15.

19.    Counsel for the plaintiff asserted in open Court that the Notice should be clarified to advise subscribers such as Doe Number 33 that he or she "has been identified or as somebody whose Internet service has violated these plaintiff's copyrights, and we are seeking to figure out who the infringer is . . . ." <u>See</u> Exhibit I at p. 26:4 – 26:15

20.    Counsel for the plaintiff advised Judge Sorkin during the hearing that "I would be okay with sending out a new notice striking the last one. That is fine with me. I think that would be the best course in terms of efficiency. Quashing all subpoenas and then going back, us filing another motion or even filing against individuals and paying the cable companies for new subpoenas . . . ." <u>See</u> Exhibit I at pp. 35:22 – 36:4.

21.    Judge Sorkin then ordered counsel for the plaintiff to submit to the Court a proposed Notice to be sent to subscribers from which Judge Sorkin would draft the Notice. <u>See</u> Exhibit I at pp. 39:16 – 40:2; 40:20 – 41:13.

22.    It does not appear that counsel for the plaintiff has served even one of the 1,463 Doe defendants he has named in his clients' 34 copyright infringement lawsuits or that he has obtained a waiver of service from even one of the 1,463 Doe defendants, as counsel for the plaintiff has not filed a single Return/Certificate of Service nor a single Waiver of Service Form in any of the 34 actions. <u>See</u> Exhibit "J", Docket Sheets from Each of the 34 Actions.

23.     The plaintiff has, however, has settled numerous claims in actions in which it apparently has obtained the identities of the Doe defendants from the ISPs. <u>See e.g.</u>, Exhibit "K", documents filed in <u>Third Degree Films v. Does 1 – 80</u>, Civil Action No. 1:12-cv-10535-WGY.

24.     The plaintiff has indicated in <u>Patrick Collins, Inc. v. Does 1 – 45</u>, Civil Action No. 1:12-cv-10537-RWZ, that after receiving information on the Doe defendants from the ISPs, he had settled and dismissed with prejudice his client's claims against 10 of the 45 named Doe defendants and that "[a]s with the other Does, plaintiff is in negotiation stages. Plaintiff plans on requesting Does to waive service for summons for those Does with unsuccessful negotiations results, or in the alternative, dismissing specific Does without prejudice and filing against them individually."  <u>See</u> Exhibit "L", Status Report and associated documents filed in <u>Patrick Collins, Inc. v. Does 1 – 45</u>, Civil Action No. 1:12-cv-10537-RWZ.

25.     Doe Number 33, under no circumstances, will agree to waive service of the Summons and Complaint in this action.

**II.     THE PLAINTIFF'S CLAIMS AGAINST DOE NUMBER 33 SHOULD BE SEVERED BECAUSE AS CONCEDED BY COUNSEL FOR THE PLAINTIFF THERE IS NO EVIDENCE THAT DOE NUMBER 33 AND ANY OTHER NAMED DOE DEFENDNAT IN THIS ACTION INTERACTED, AND IN THE VIEW OF COUNSEL FOR THE PLAINTIFF, DOE NUMBER 33 IS NOT A PARTY TO THE CASE GIVEN THAT THE ONLY EVIDENCE KNOWN AT THIS TIME IS THAT DOE NUMBER 33 IS THE SUBSCRIBER.**

The plaintiff's claims against Doe Number 33 should be severed from the other 44 Doe defendants named in the plaintiff's Complaint because, as admitted by counsel for the plaintiff in the case of <u>Discount Video Center, Inc. v. Does 1 – 29</u> that involves identical allegations regarding how the Doe defendants allegedly accomplished the alleged copyright infringement of

the plaintiff's movie and because no discovery has taken place in this case that would distinguish

it factually from <u>Discount Video</u>, there is no evidence that that Doe Number 33 or any other

named Doe defendant downloaded/uploaded any portion of the movie at issue from any other

named Doe defendant or "collaborated" to infringe upon the plaintiff's copyright, and joinder

thus is not proper under Federal Rule of Civil Procedure 20. <u>See</u> <u>Boy Racer, Inc. v. Does 1-60</u>,

2011 WL 3652521, *2, *4 (N.D. Cal., 2011), attached as Exhibit "M" (finding joinder not proper

under Fed. R. Civ. P. 20(a) where plaintiff did not allege that any particular defendant illegally

shared the plaintiff's movie with any other particular defendant and citing to numerous Courts

holding same); <u>MCGIP, LLC v. Does 1-149</u>,  2011 WL 4352110, 4 (N.D. Cal., 2011), attached

as Exhibit "N" (denying plaintiff's motion to join Doe defendants because "even assuming that

the Doe defendants in this case entered the same swarm and downloaded the same seed file,

[plaintiff] has failed to show that any of the 149 Doe defendants actually exchanged any piece of

the seed file with one another"); <u>see also</u>, <u>Hard Drive Productions, Inc. v. Does 1–188</u>, 2011 WL

3740473, at *7–14 (N.D. Cal., 2011), attached as Exhibit "O" (collecting cases holding same);

<u>Malibu Media, LLC v. John Does 1 through 7</u>,  2012 WL 2872842, 3 (E.D. Cal., 2012), attached

as Exhibit "P", (severing all Doe defendants except for Doe Number 1 and noting that "[t]he

federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will

not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of

bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants,

Malibu will have to expend additional resources to obtain a nuisance-value settlement—making

this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do

it the old-fashioned way and earn it").

The nature of the BitTorrent technology that the plaintiff alleges Doe Number 33 and the other named Doe defendants used to infringe on the plaintiff's copyright "does not justify joinder of these otherwise unrelated Doe defendants. . . . Allegations that defendants used a single peer-to-peer network to download plaintiff's works – on different days, at different times, and through different ISPs – are insufficient to allow plaintiff to litigate against sixty different defendants in one action." See Boy Racer, Inc. v. Does 1-60, 2011 WL 3652521, *4 (N.D. Cal., 2011), attached as Exhibit M.

Further, as conceded by counsel for the plaintiff in open Court, neither Doe Number 33 nor any of the other 44 Doe defendants named in this action are properly named parties at this time because they are merely subscribers; the plaintiff did not intend to name subscribers such as Doe Number 33 as defendants; and there is no evidence that the Doe defendants infringed upon the plaintiff's copyright as alleged. Given this concession that neither Doe Number 33 nor any of the other named Doe defendants are proper parties and that there is no evidence establishing the identity of the actual infringer, the plaintiff's allegations that Doe Number 33 and the other Doe defendants acted in concert or otherwise engaged in a series of related transactions or occurrences as required for joinder under Federal Rule of Civil Procedure 20(a)(2) fail as a matter of law, and the claim against Doe Number 33 should be severed from the other claims asserted in this action.

III. **THE PLAINTIFF'S CLAIM AGAINST DOE NUMBER 33 SHOULD BE DISMISSED BECAUSE AS ADMITTED BY COUNSEL FOR THE PLAINTIFF THE PLAINTIFF POSSESSES NO EVIDENCE THAT DOE NUMBER 33 IS THE INFRINGER AS ALLEGED IN THE PLAINTIFF'S COMPLAINT, AND BECAUSE THE PLAINTIFF IS USING THE LITIGATION AS A LEVERAGE TO OBTAIN SETTLEMENTS FROM PEOPLE WHO WISH TO AVOID HAVING THEIR NAME ASSOCIATED WITH THE ALLEGED COPYRIGHT INFRINGMENT OF A PORNOGRAPHIC MOVIE.**

The plaintiff's claim against Doe Number 33 should be dismissed without prejudice

because as admitted by counsel for the plaintiff he did not intend to sue subscribers such as Doe Number 33, and counsel for the plaintiff admitted that – despite the numerous instances cited above in which it was specifically alleged or stated in the Complaint, Nicolini's Declaration, and the *Ex Parte* Motion for Expedited Discovery that Doe Number 33 and the other Doe defendants were the infringers and/or that the plaintiff had evidence that Doe Number 33 and the other Doe defendants had participated in copyright infringement – the plaintiff at this time possesses no evidence that Doe Number 33 or any named Doe defendant infringed upon the plaintiff's copyright.

The plaintiff's claim against Doe Number 33 also should be dismissed on the grounds that it is one of thousands of actions filed in federal courts across the country that employ an identical business model lacking a good faith basis for pursuing litigation: the plaintiffs file a standard form Complaint to initiate copyright infringement litigation involving the downloading and uploading of pornographic movies against numerous internet subscribers known only by their IP address, alleging that joinder of the defendants is proper to allow the payment of only a single filing fee, followed by the filing of an *Ex Parte* motion for expedited discovery to allow the plaintiffs to obtain the identity and contact information for the subscribers from the ISPs named as Doe defendants, and then,  after obtaining the identities and contact information, by the settling of the claims against the subscribers despite the plaintiff having no intent of litigating the actions, using as leverage the subscribers' strong desire to avoid their names being sullied by connection to a pornographic movie. See Exhibit "Q", Complaints from several different jurisdictions that are virtually identical; Exhibit "R", Doe No. 22's Motion to Quash Subpoena and to Sever Claims in  Discount Video Center, Inc. v. Does 1 – 29, United States District Court, District of Massachusetts, Civil Docket No. 12-cv-10805-NMB, at pp. 2-5 (explaining business

model of which plaintiff and plaintiff counsel are members); <u>MCGIP, LLC v. Does 1-149</u>, 2011 WL 4352110, 4 (N.D.Cal., 2011), attached as Exhibit N ("Copyright infringement cases such as this ordinarily maintain a common arc: (1) a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action; (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. (Citation omitted). Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements—a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access *en masse* to the identities of alleged infringers"); <u>Malibu Media, LLC v. John Does 1 through 7</u>, 2012 WL 2872842, (E.D. Cal., 2012), attached as Exhibit P, ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it"); <u>Malibu Media, LLC v. Does 1–5</u>, 2012 WL 2001968, at * 1 (S.D. N.Y., June 1, 2012), attached as Exhibit "S" (permitting limited discovery but stating that the court "shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded.") (<u>citing</u>, among other authorities, <u>In re BitTorrent Adult Film Copyright Infringement Cases</u>, 2012 WL 1570765 (E.D. N.Y. May 1, 2012), attached as Exhibit

"T").

Here, the plaintiff has no intention of litigating its allegations of copyright infringement but rather is merely following the business model in which it uses the litigation process as a tool to identify subscribers from whom it can obtain settlements, using as leverage the nature of the pornographic movie whose copyright allegedly was infringed. Indeed, the plaintiff's Notice to subscribers such as Doe Number 33, which counsel for the plaintiff has conceded incorrectly informed the subscriber that he or she was being sued, contained information regarding how to contact counsel for the plaintiff and contained a paragraph regarding settlement negotiations and the benefit of settling the plaintiff's claim, including advising Doe Number 33 that "The parties may be able to reach a settlement agreement without your name appearing on the public record. . . . It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio."

Although its counsel will likely claim otherwise, the plaintiff here has no intention of developing evidence through discovery to ascertain the identity of the alleged infringer of its copyright through the IP address of Doe Number 33: Counsel for the plaintiffs in the 34 pending actions has, as of August 1, 2012, neither served nor obtained a waiver of service from any of the nearly 1,500 people that have been named as Doe defendants in actions filed between March of 2012 and May of 2012.  As further evidence of the plaintiff's lack of intent to litigate the case, counsel for the plaintiff has even indicated to a judge in this Court that he does not intend to serve a Complaint on those Doe defendants with whom he cannot reach a settlement, which would require the plaintiff to incur the cost of service; rather, according to counsel for the plaintiff, he intends to request that the Doe defendants waive the service requirement, and if no waiver is obtained, then to dismiss the claim against the Doe defendant in an action that is

pending so that, inexplicably, the plaintiff may initiate a new action naming the Doe defendant individually. Counsel for the plaintiff has, however, settled numerous of his client's claims against the Doe defendants.

Accordingly, the Court should dismiss the plaintiff's claim against Doe Number 33 to prevent the plaintiff from using the Court and the federal civil litigation system as a tool to leverage subscribers who may or may not be infringers into agreeing to settle with the plaintiff to avoid the stigma of being named in a lawsuit involving the alleged copyright infringement of a pornographic movie.

**IV.    THE PLAINTIFF'S SUBPOENA TO COMCAST TO OBTAIN DOE NUMBER 33'S IDENTITY SHOULD BE QUASHED BECAUSE COUNSEL FOR THE PLAINTIFF HAS ADMITTED THAT THE NOTICE ACCOMPANYING THE SUBPOENA IS INCORRECT AND HAS AGREED IN A CASE INVOLVING VIRTUALLY IDENTICAL ALLEGATIONS TO QUASH THE SUBPOENAS SERVED UPON DOE DEFENDANTS' ISPs TO AND ISSUE NEW SUBPOENAS TO BE ACCOMPANIED BY A COURT-APPROVED NOTICE TO SUBSCRIBERS SUCH AS DOE NUMBER 33.**

Counsel for the plaintiff agreed in a case involving the same allegations as asserted against Doe Number 33, involving the same *Ex Parte* Motion for Expedited Discovery, involving the same subpoena to the named Doe defendants' ISP, and involving the same Notice as that received by Doe Number 33 that given the incorrect nature of the Notice stating that the subscriber was being sued in the action he would agree to quash the subpoenas that had been served upon the ISPs so that he could submit a proposed revised Notice to the Court for its approval. Accordingly, given this agreement and the identical circumstances and facts relating to the alleged infringement, the subpoena served upon Comcast by the plaintiff to obtain the identity and contact information for Doe Number 33 should be quashed. To not quash the subpoena relating to Doe Number 33 would be patently unjust and unfairly prejudicial under the circumstances.

Further, as set forth above, the plaintiff seeks to obtain information regarding the identity and contact information from the service of the subpoena upon Comcast to attempt to settle the case rather than obtain information required to litigate the plaintiff's claim against Doe Number 33. The Court should quash the subpoena to Comcast seeking information relating to Doe Number 33 to prevent the plaintiff from using the Court as a tool to help it leverage a settlement from Doe Number 33.

**V.      ALTERNATIVELY, IF DOE NUMBER 33 IS ORDERED TO REMAIN A DEFENDANT AND THE SUBPOENA TO COMCAST IS NOT QUASHED, THEN DOE NUMBER 33 SHOULD BE ALLOWED TO PROCEED ANONYMOUSLY UNTIL AND UNLESS THE PLAINTIFF INTRODUCES EVIDENCE THAT DOE NUMBER 33 INFRINGED UPON THE PLAINTIFF'S COPYRIGHT AS ALLEGED, AND THE COURT ALLOWS THE PLAINTIFF TO NAME DOE NUMBER 33.**

If the Court does not sever and dismiss the plaintiff's claim against Doe Number 33 and denies the motion to quash, then Doe Number 33 respectfully requests that the Court issue a protective Order that precludes the plaintiff from amending its Complaint to identify Doe Number 33 by name unless and until discovery is conducted by the plaintiff that provides evidence supporting the plaintiff's allegation that Doe Number 33 infringed upon the plaintiff's copyright. As conceded by the plaintiff and recognized by a myriad of Courts, a subscriber many, many times is not the infringer in the pornographic movie – copyright infringement cases. In one Southern District of New York case, the attorney representing the plaintiff there estimated that 30% of the time the subscriber is not the infringer. Counsel for the plaintiff here has admitted in another virtually identical case that he has no evidence that the subscribers named as Doe defendants are the actual infringers, and he has agreed that because the Doe defendants are not properly named parties, he will have to conduct depositions to determine whether the subscribers are in fact the infringers. Accordingly, if the Court denies Doe Number 33's motion

to quash the Comcast subpoena, then Doe Number 33 requests that the Court issue an Order allowing Doe Number 33 to remain anonymous unless and until the plaintiff obtains evidence during discovery and presents it to the Court to obtain a Court Order allowing the amendment of the Complaint to identify Doe Number 33 by name.

WHEREFORE, Doe Defendant Number 33 respectfully requests that this Honorable Court issue an Order severing and dismissing the plaintiff's claim against Doe Defendant Number 33 and quashing the subpoena served by the plaintiff upon Comcast to obtain the identity and contact information for Doe Defendant Number 33. Alternatively, Doe Defendant Number 33 requests that this Honorable Court issue an Order allowing Doe Defendant Number 33 to proceed anonymously unless and until the plaintiff introduces to the Court evidence supporting its allegations that Doe Defendant Number 33 infringed upon the plaintiff's copyright.

Respectfully submitted,

THE DEFENDANT,
DOE NUMBER 33,
BY HIS/HER ATTORNEYS,

DATED: August 2, 2012                     /s/ Scott M. Carroll, Esquire
                                          Scott M. Carroll, BBO#
                                          scarroll@bsctrialattorneys.com
                                          /s/ Michael Palermo, Esquire
                                          Michael Palermo, BBO# 641062
                                          mpalermo@bsctrialattorneys.com
                                          Boyle, Shaughnessy & Campo, P.C.
                                          695 Atlantic Avenue, 11th Floor
                                          Boston, MA  02111
                                          Tel.: (617) 451-2000
                                          Fax: (617) 451-5775

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 2nd day of August, 2012.

/s/ Scott M. Carroll, Esquire