UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10945

DIGITAL SIN, INC.,
Plaintiff,

v.

DOES 1-45,
Defendants.

ORDER
March 28, 2013

O'TOOLE, D.J.

Plaintiff Digital Sin, Inc. filed this action against forty five John Doe defendants ("Does") alleging copyright infringement of a pornographic film. This is one of many virtually identical cases filed in this court by adult film producers against numerous Doe defendants. The claims and filings are essentially identical and are all brought by the same attorney. The litigation strategy employed by this attorney is to file a mass infringement suit against defendants known only by internet protocol ("IP") addresses. Plaintiff then moves for expedited discovery to obtain subscriber information from internet service providers ("ISPs") pursuant to Rule 45 subpoenas. With this information, plaintiff then sends settlement demand letters to the subscribers to notify them that they will be named in the suit if they do not pay the specified settlement amount.

Plaintiff is a California corporation and the owner of the copyright for the film "So Young So Sexy POV 5." (Compl. ¶ 8.) Plaintiff alleges that each of the 45 Doe defendants infringed the copyright by illegally downloading and/or distributing the film through an internet protocol known as BitTorrent. BitTorrent is a peer-to-peer file sharing protocol used for distributing and sharing data over the Internet. Third Degree Films v. Does 1-47, 268 F.R.D. 188,

192 (D. Mass. 2012). Users seeking to download a particular file are organized in a collective distribution network called a "swarm." Id.

On June 4, 2012, plaintiff filed an emergency motion for discovery to identify the Doe defendants by subpoenaing the ISP's associated with each Doe's IP address. On June 18, 2012, the Court granted the order, directing ISP's to disclose the subscriber identifying information to the plaintiff.

Since the early discovery was allowed, several Does have moved to quash the subpoenas to the ISP's, to sever the claims against each Doe defendant, and/or to dismiss the claims.[1] (See dkt. nos. 8, 10, 16, 23.) Plaintiff opposes these motions.

In this District, several judges have severed all the Doe defendants, save for the first listed defendant, pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure. See Third Degree Films v. Does 1-47, 286 F.R.D. 188 (D. Mass. 2012); Third Degree Films v. Does 1-72, 2012 WL 5464177 (D. Mass. Nov. 5, 2012); SBO Pictures v. Does 1-41, 2012 WL 5464182 (D. Mass. Nov. 5, 2012); PW Productions, Inc. v. Does 1-19, 2012 WL 5464217 (D. Mass. Nov. 5, 2012); Paradox Pictures, Inc. v. Does 1-20, 2012 WL 5464221 (D. Mass. Nov. 5, 2012); Third World Media, LLC v. Does 1-21, 2012 WL 5464266 (D. Mass. Nov. 5, 2012); New Sensations, Inc. v. Does 1-175, 2012 WL 5389921 (D. Mass. Nov. 2, 2012); and New Sensations, Inc. v. Does 1-201, 2012 WL 4370864 (D. Mass. Sept. 21, 2012). This has been the trend in other jurisdictions as well. See Next Phase Distribution, Inc. v. Does 1-27, 284 F.R.D. 165 (S.D.N.Y. 2012); Liberty Media Holdings, LLC v. BitTorrent Swarm, 277 F.R.D. 672 (S.D. Fl. 2011); Hard Drive Productions, Inc. v. Does 1-188, 809 F. Supp. 2d 1150 (N.D. Ca. 2011); Media Products, Inc., DBA Devil's Film v. John Does 1-26, 2012 WL 3866492 (S.D.N.Y. Sept. 4, 2012); Malibu

---

[1] Plaintiff has voluntarily dismissed Does 8, 11, 21, 23, 37 and 43.

Media, LLC v. John Does 1-24, 2012 WL 3400703 (D. Co. Aug. 14, 2012); Bubble Gum Productions, LLC v. Does 1-80, 2012 WL 2953309 (S.D. Fl. July 19, 2012); Zero Tolerance Entertainment, Inc., 9035 Independence Ave., Canoga Park, CA 91304 v. Does 1-45, 2012 WL 2044593 (S.D.N.Y. June 6, 2012); and SBO Pictures, Inc. v. Does 1-3036, 2011 WL 6002620 (N.D. Ca. Nov. 30, 2011).

Rule 20 of the Federal Rules of Civil Procedure permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." FRCP 20(a)(2).

The plaintiff relies on the nature of the BitTorrent technology to argue that joinder of 45 defendants is proper in this case. The mechanics of this technology have been discussed by several other courts.

> Simplified, BitTorrent and similar protocols break a large file into pieces while tagging each piece with a common identifier. Where in the normal course a user would download a file from a single source, and download it sequentially from beginning to end, with the BitTorrent peer-to-peer protocol, users join forces to simultaneously download and upload pieces of the file from and to each other. This reduces the bottleneck of Internet traffic that normally occurs at the server where the entire file is located and allows for faster download speeds for users. This interconnected web of information flowing between users, or peers, is called a swarm. It is this swarm that Plaintiffs have relied on in grouping Doe defendants together in a common suit. Ironically, there are swarms on both sides, for copyright locusts have descended on the federal courts, exacting low-cost settlements from embarrassed John Does and then moving on to the next District.

Media Products, Inc. v. John Does 1-26, 2012 WL 3866492 (S.D.N.Y. Sept. 24, 2012).

The majority of courts have found that joinder is improper in this situation because the allegations do not arise out of the same transaction, occurrence, or series of transactions or occurrences. See, e.g., Liberty Media Holdings, 277 F.R.D. at 675 (joinder was improper because alleged infringement occurred on different days and at different times during a two week

3

period). The BitTorrent technology doesn't require that each Doe "participated in or contributed to the downloading by any other Does." Hard Drive Productions, 809 F. Supp. 2d at 1163. In this case, the 45 Doe defendants all entered the same swarm over a period of three months and downloaded the plaintiff's copyrighted work. There is no allegation that defendants interacted with one another, or "committed the same act in the same way." Third Degree Films, 2012 WL 5464177 at *3. See also Hard Drive Productions, 809 F. Supp. 2d at 1157. Given that the defendants in this case are alleged to have downloaded the copyrighted material within a three month window, it is clear that these actions cannot satisfy Fed. R. Civ. P. 20(a).

Courts maintain discretion to sever defendants pursuant to Rules 20(b), 21 and 42(b) of the Federal Rules of Civil Procedure. In reaching this determination, a court must consider whether joinder "comports with the principles of fundamental fairness" and if joinder would confuse or complicate the issues of the case. Kelly v. Vermont Mut. Ins. Co., 407 F. Supp. 2d 301, 305-06 (D. Mass. 2005) (citing Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000)). The defenses asserted by various Doe defendants vary greatly and involve different factual and legal circumstances. Other Does have already been voluntarily dismissed by the plaintiff, which implies that some may have settled to avoid embarrassment and litigation despite not having committed any infringement. See Media Product, 2012 WL 3866492 at *2. The interests of justice and economy dictate that these claims should be severed.

For the foregoing reasons, the claims against all of the "Doe" defendants are severed and all claims, except those brought against Doe #1, are DISMISSED without prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge